56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 MARYLAND HOTEL, LTD., a California Corporation; Majestic
Inn, Ltd, a California Corporation,
Plaintiffs-Appellees/Cross-Appellants,
v.
HOTEL CORPORATION OF the PACIFIC, a Hawaii Corporation,
Defendant-Appellant/Cross-Appellee.
 Nos. 93-17345, 94-15063.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1995.
Decided May 12, 1995.
 
 Before: GIBSON*, GOODWIN, and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hotel Corporation of the Pacific ("Hotel Corp.") appeals the district court's impositions of sanctions under Fed. R. Civ. P. 11 for submission of a false declaration. Maryland Hotel, Ltd. and Majestic Inn, Ltd. ("Maryland Hotel") cross-appeal the district court's denial of attorney's fees incurred in pursuing sanctions.
 
 I. BACKGROUND
 
 3
 The underlying litigation arose when Maryland Hotel sued to compel arbitration of a dispute over a management agreement with an entity known as Hotel Corp. or "HCP, Inc.", a theoretically separate corporation.[1] In the mid-1980s, Maryland Hotel entered into management agreements with Hotel Corp., which was using the name HCP, Inc., dba Aston Hotel and Resorts, to manage their hotels in San Francisco.[2] Each agreement provided for dispute resolution by arbitration.
 
 
 4
 In September of 1988, Maryland Hotel filed a request for arbitration against Hotel Corp., not HCP, even though the management agreements listed HCP as the contracting party. Oblivious to the error, Hotel Corp. promptly filed an answer and a counterclaim and proceeded, for the next three years, to participate in arbitration proceedings. At last, in November 1991, Hotel Corp. requested that HCP be substituted for Hotel Corp. Thinking that Hotel Corp. had entered into the management agreement using the name HCP and not knowing that the two were separate entities, Maryland Hotel acquiesced in the substitution.
 
 
 5
 In late 1992, Maryland Hotel learned that Hotel Corp. and HCP were not two names for the same entity, stayed the arbitration proceedings, and filed a petition in the district court to compel arbitration with Hotel Corp. Maryland Hotel claimed Hotel Corp. had led Maryland Hotel to believe it had contracted with Hotel Corp., not HCP.
 
 
 6
 Hotel Corp. countered with a motion to dismiss for lack of personal jurisdiction, a motion for transfer of venue and an opposition to the petition to compel, in support of which they filed the two declarations that formed the basis for sanctions. In these, Hotel Corp.'s senior vice-president J.W. Ellsworth stated that at the time of negotiating the management contract he had informed Maryland and its lawyers that they were contracting with HCP. He also said that at the time of the negotiations he had been an officer of HCP and that all Aston employees working on the mainland U.S. were employees of HCP, not Hotel Corp.
 
 
 7
 At a hearing in April, 1993, the district court denied Hotel Corp.'s first two motions without hearing oral argument, but, because of Ellsworth's declaration, decided that whether Maryland Hotels had known it was contracting with HCP was a factual issue. A hearing to resolve the question was set for September. In June of 1993, however, Hotel Corp. entered into a stipulation and order, in which it agreed to arbitrate the management agreements "as a party to those agreements" and stipulated that it had entered into those agreements using the name HCP.
 
 
 8
 Maryland Hotel then moved for Rule 11 sanctions on grounds that the Ellsworth declaration and the entire opposition to the petition to compel arbitration were not well-founded and were interposed for the purpose of delay. The district court agreed and ordered Hotel Corp. to pay Maryland Hotel $37,000.
 
 I. SANCTIONS
 
 9
 Fed. R. Civ. P. 11 provides that anyone who signs pleadings, motions or other papers submitted to a court certifies that "to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact ...."[3] Sanctions will be imposed if the paper filed is "frivolous," that is, if the filing is "both baseless and made without a reasonable and competent inquiry." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). We hold Hotel Corp. to an objective standard of reasonable inquiry into the factual bases of the declaration it submitted to the court. Business Guides v. Chromatic Communications Ent., 111 S.Ct. 922, 927 (1991); Zaldivar v. City of Los Angeles, 780 F.2d 823, 829-30 (9th Cir. 1986). We review the district court's imposition of sanctions under Rule 11 for an abuse of discretion. Abuse is found if the district court based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Cooter & Gell v. Hartmarx Corp. 496 U.S. 384, 405 (1990).
 
 
 10
 The district court did not abuse its discretion. The following facts sufficiently established that Ellsworths' declarations were unfounded: 1) Hotel Corp.'s participation in arbitration proceedings for three years without asserting that it was not a party to the management agreement; 2) Hotel Corp.'s statutorily required filings with Hawaii that listed Ellsworth as an officer of Hotel Corp., not HCP, as he had claimed to be; 3) Ellsworth's inability to identify the Maryland Hotel attorney to whom he said he conveyed the information that HCP was the contracting party; 4) the declarations filed by Maryland representatives stating that Ellsworth never told them that HCP was the contracting party; 5) Ellsworth's resignation just as discovery began; and 6) Hotel Corp.'s stipulation that it entered the management agreements using the name HCP. Nor can Hotel Corp. avoid sanctions by claiming that reliance on an unsupportable legal theory is not sanctionable as long as another, colorable claims exists. The district court sanctioned Hotel Corp. for submitting a false declaration, not for relying on an unsupportable legal theory. Hotel Corp. hindered and delayed Maryland Hotel and needlessly multiplied its costs. Sanctions were clearly justified.
 
 II. ATTORNEY'S FEES
 
 11
 Because the Ninth Circuit does not allow an award of attorney's fees incurred in making a Rule 11 motion, the district court properly refused to award Maryland Hotel its fees. Pan-Pacific v. Pacific Union, 987 F.2d 594, 597 (9th Cir. 1993). Maryland Hotel asks this panel to reverse Pan-Pacific and follow the law of other circuits that does allow recovery of attorney's fees. A panel is "bound by decisions of prior panels' unless an en banc decision, Supreme Court decision or subsequent legislation undermines those decisions," none of which applies here. Nghiem v. NEC Electronic, Inc., 25 F.3d 1437 (9th Cir. 1994) (quoting United States v. Washington, 872 F.2d 874, 880 (9th Cir. 1989), cert. denied, 115 S.Ct. 638 (1994).
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Hotel Corp. and HCP, are both incorporated in Hawaii and both use the trade name "Aston Hotels and Resorts." HCP, however, has its principal place of business in San Francisco, while Hotel Corp. restricts its operations to Hawaii. Each maintains separate assets
 
 
 [2]
 In the stipulation and order of June 23, 1993, the parties agreed to this fact. E.R. Ex. G
 
 
 [3]
 This is the "old" version of Rule 11. The judge signed the order imposing sanctions on November 29, 1993; the 1993 amendments to the rule became effective days later, on December 1, 1993